# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
### WESTERN DIVISION
#### No. 5:18-cv-14-D

| | | | |
|---|---|---|---|
| **RONALD TOLAND, JR.,** | | ) | |
| | **Plaintiff,** | ) | |
| | | ) | |
| **vs.** | | ) | **STIPULATED** |
| | | ) | **PROTECTIVE ORDER** |
| **TRANS UNION LLC,** | | ) | |
| | **Defendant.** | ) | |
| _____ | | ) | |

The Parties having agreed to the following, and for good cause shown,

IT IS HEREBY ORDERED as follows:

1. **PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in this action may involve production of confidential, proprietary, or private personal identifying information such as Social Security or taxpayer-identification numbers, dates of birth, names of minor children, financial account numbers, home addresses, sensitive information involving personal financial, medical, matrimonial, or family matters, employment records of individuals, trade secrets, and other confidential research, development, or commercial information, for which special protection from public disclosure and from use for any purpose other than prosecuting and defending this litigation may be warranted. The parties acknowledge that this Order does not confer blanket protections on all

disclosures or responses to discovery and that the protection it affords

extends only to the limited information or items that are entitled, under the

applicable legal principles, to treatment as confidential.  Nothing in this

Order shall preclude any person or entity from disclosing or using, in any

manner or for any purpose, any information or document if that information

or document is lawfully obtained from a third party without confidentiality

restrictions.

By approving this Order and accepting the Parties' stipulation, the

Court is not ruling on whether any document or information is, in fact,

entitled to protection under Rule 26(c).  Rather, the Court approves this

Stipulated Protective Order in order to minimize discovery problems and to

promote and expedite unrestricted discovery without Court intervention.

2.    **DEFINITIONS**

2.1    <u>Confidential Information</u>:  Social Security or taxpayer-

identification numbers; dates of birth; names of minor children;

financial account numbers; where appropriate, home addresses;

sensitive information involving personal financial, medical,

matrimonial, or family matters; employment records of

individuals whether parties or non-parties; or trade secrets and

other confidential research, development, or commercial information (regardless of how generated, stored or maintained).

2.2 <u>Counsel (without qualifier)</u>: Outside Counsel and House Counsel (as well as their support staffs).

2.3 <u>Designating Party</u>: a Party or Non-party that designates information or items that it produces in disclosures or in responses to discovery as Protected Material. The Party or Non-party designating information or items as Protected Material bears the burden of establishing good cause for the confidentiality of all such information or items.

2.4 <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.5 <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its/her/his counsel to serve as an expert witness or as a consultant in this action and who is not: (a) a past or a current employee of a Party; (b) a past or a current employee of a

competitor of a Party; or (c) at the time of retention, anticipated to become an employee of a Party or a competitor of a Party. This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.6     <u>House Counsel</u>:  attorneys who are employees of a Party.

2.7     <u>Outside Counsel</u>:  attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

2.8     <u>Non-party</u>:  any individual, corporation, association, or other natural person or entity other than a party.

2.9     <u>Party</u>: any party to this action, including all of its officers, directors, consultants, retained experts, and outside counsel (and their support staff).

2.10    <u>Producing Party</u>:  a Party or Non-party that produces Disclosure or Discovery Material in this action.

2.11    <u>Professional Vendors</u>:  persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

2.12 <u>Protected Material</u>:  any Disclosure or Discovery Material that is designated by a Party or Non-party as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS EYES ONLY" according to paragraph 5, unless the Receiving Party challenges the confidentiality designation, and (a) the Court decides such material is not entitled to protection as confidential; (b) the Designating Party fails to apply to the Court for an order designating the material "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS EYES ONLY" within the time period specified below; or (c) the Designating Party withdraws its confidentiality designation in writing.

2.13 <u>Receiving Party</u>:  a Party that receives Disclosure or Discovery Material from a Producing Party.

**3. SCOPE**

The protections conferred by this Order cover not only Protected Material (as defined above), but also expert reports, deposition testimony, conversations, or presentations by parties or counsel to or in court or in other settings that reveal Protected Material.

**4.      DURATION**

Even after the termination of this litigation, the confidentiality

obligations imposed by this Order shall remain in effect until a Designating

Party agrees otherwise in writing or a court order otherwise directs.

**5.      DESIGNATING PROTECTED MATERIAL**

5.1      <u>Designating Disclosure or Discovery Material as Confidential</u>.

Parties and non-parties may designate any Confidential Information

supplied in any form, or any portion thereof, as Protected Material for

purposes of these proceedings.  Such designation shall constitute a

representation to the Court that counsel believes in good faith that the

information (1) constitutes Confidential Information and (2) that there is

good cause for the Confidential Information to be protected from public

disclosure.  The parties and non-parties shall make a good faith effort to

designate information so as to provide the greatest level of disclosure

possible, but still preserve confidentiality as appropriate.

5.2      <u>Designating Disclosure or Discovery Material as Confidential –
         Attorneys Eyes Only</u>.

If a Producing Party believes in good faith that, despite the provisions

of this Order, the Producing Party will suffer identifiable harm if particular

documents it designates as "CONFIDENTIAL" are disclosed to all other

Parties or non-parties to this action, the Producing Party may designate

those particular documents as "CONFIDENTIAL – ATTORNEYS' EYES ONLY."

    5.3    <u>Exercise of Restraint and Care in Designating Material for Protection</u>.

Each Party or Non-party that designates information or items for protection under this Order must use good faith efforts to limit any such designation to specific material that qualifies as Confidential Information.  A Designating Party must use good faith efforts to designate for protection only those parts of material, documents, items, or oral or written communications that qualify as Confidential Information, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routine designations are strictly prohibited. Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other parties), may subject the Designating Party to sanctions upon appropriate motion to the Court.

If it comes to a Party's or a Non-party's attention that information or items that it designated for protection do not qualify for protection, that

Party or Non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

All documents, transcripts, or other materials subject to this Order, and all information derived therefrom (including, but not limited to, all testimony, deposition, or otherwise, that refers, reflects or otherwise discusses any information designated Confidential hereunder), shall not be used, directly or indirectly, by any person for any business, commercial or competitive purposes or for any purpose whatsoever other than solely for the preparation and trial of this action in accordance with the provisions of this Order.

5.4     Manner and Timing of Designations.

Except as otherwise provided in this Order (*see*, *e.g.*, Section 5.4.1(b), below), or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.  Designation in conformity with this Order requires:

5.4.1.  For information in documentary form (apart from transcripts of depositions):

(a)     The Producing Party must affix the legend "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" at the bottom of each page that contains protected material.  If only a

portion or portions of the material on a page qualifies

for protection, the Producing Party also must clearly

identify the protected portion(s) (*e.g.*, by making

appropriate markings in the margins, but not over

text).

(b)    A Party or Non-party that makes original documents

or materials available for inspection need not

designate them for protection until after the

inspecting Party has indicated which material it

would like copied and produced.  During the

inspection and before the designation, all of the

material made available for inspection shall be

deemed Protected Material.  After the inspecting

Party has identified the documents it wants copied

and produced, the Producing Party must determine

which documents, or portions thereof, qualify for

protection under this Order, then, before producing

the specified documents, the Producing Party must

affix the legend "CONFIDENTIAL" or

"CONFIDENTIAL – ATTORNEYS' EYES ONLY" at

the bottom of each page that contains Protected

Material.  If only a portion of the material on a page

qualifies for protection, the Producing Party also

must clearly identify the protected portion(s) (*e.g.*, by

making appropriate markings in the margins, but not

over text).

5.4.2.  For testimony given in deposition:

(a)     The Party or Non-party offering or sponsoring the

testimony must identify on the record, before the

close of the deposition, all protected testimony.

(b)     The Party or Non-party that sponsors, offers, or gives

the testimony may invoke on the record (before the

deposition is concluded) a right to have up to 30 days

following preparation and delivery of the preliminary

transcript to identify the specific portions of the

testimony as to which protection is sought.

(c)     Only those portions of the testimony that are

appropriately designated for protection within the 30

days following preparation and delivery of the

preliminary transcript shall be covered by the provisions of this Stipulated Protective Order.

(d)     Nothing in this Order shall prevent a party from disclosing the preliminary transcript as detailed in Section 7.2, provided that, where applicable under Section 7.2, the individual to whom the preliminary transcript is disclosed has signed the "Acknowledgment and Agreement to Be Bound by Protective Order" (Exhibit A).

(e)     The court reporter must mark those portions of the deposition that are designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" . If only a portion of the material on a page qualifies for protection, the Producing Party must clearly identify to the court reporter the protected portion(s) (*e.g.,* by making appropriate markings in the margins, but not over text).

5.4.3.  For information produced in some form other than documentary, and for any other tangible items:

(a) Producing Party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY."

(b) If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall also identify the protected portions in such a way that does not interfere with the viewing of the evidence.

Nothing in this Order shall prevent a Party from using at trial any information or materials designated "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY."

5.5 <u>Inadvertent Failures to Designate</u>.

If timely corrected, an inadvertent failure to designate qualified information or items as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. If material is appropriately designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" after the material was

initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

5.6     Inadvertent Production of Privileged Information.

If a party, through inadvertence, produces or provides material that it believes is subject to a claim or attorney-client privilege, work product immunity, or any other privilege or immunity, the Producing Party may give written notice to the Receiving Party that the material is subject to a specific privilege or immunity and request that the material be returned to the Producing Party.  The Receiving Party shall return the material immediately, or, if circumstances prevent immediate return, at such specific time as agreed upon between the Producing and Receiving Parties.  Return of the material shall not constitute an admission or concession, or permit any inference that the returned material is, in fact, properly subject to a claim of any privilege or immunity, nor shall it foreclose any party from moving the Court for an order that such document or thing has been improperly designated or should be producible for any reason, including a waiver caused by the inadvertent production.

**6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1     Timing of Challenges.

Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2    Meet and Confer.

A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring directly with counsel for the Designating Party.  In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper. The Designating Party must respond within ten (10) days by informing the Challenging Party in writing if it will remove the confidentiality designation, and if not, the basis for not doing so.

6.3    Formal Challenge to Designation.

If, within ten (10) days after the Meet and Confer the Designating Party has not removed, or agreed to remove, the confidentiality designation, the Challenging Party may at any time thereafter give written notice by way of a  reasoned, formal letter to the Designating Party stating its objection to

the confidentiality designation. Within fifteen (15) days after receipt of the reasoned, formal letter, the Designating Party shall apply to the Court for an order specifically designating the Disclosure or Discovery Material at issue as "Protected Material." The Party seeking such an order has the burden of establishing good cause for the Disclosure or Discovery Material to be treated as "Protected Material."

      6.4   <u>Treatment of Information While Challenge is Pending</u>.

Notwithstanding any challenge to the designation of Disclosure or Discovery Material as Protected Material, all materials designated as such must be treated as such and subject to this order until one of the following occurs:

     (a)   the Designating Party withdraws its confidentiality designation in writing;

     (b)   the Designating Party fails to apply to the Court for an order designating the material Protected Material within the time period specified above after receipt of a written challenge to such designation; or

     (c)   the Court decides the material at issue is not subject to protection as Protected Material.

**7.    ACCESS TO AND USE OF PROTECTED MATERIAL**

   7.1   <u>Basic Principles</u>.

   A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be disclosed only to the categories of persons and under the conditions as are described herein.  When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 11, below (FINAL DISPOSITION).

   Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

   7.2   <u>Disclosure of Protected Material</u>.

      7.2.1.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

      (a)   Outside Counsel of any Party in this action, including associated personnel necessary to assist Outside Counsel in these proceedings, such as litigation

assistants, paralegals, and secretarial and other clerical personnel;

(b)     Parties to this litigation and their officers, directors, and employees (including House Counsel) to whom disclosure is reasonably necessary for this litigation;

(c)     Experts (as defined in this Order) of the Receiving Party, including associated personnel necessary to assist Experts in these proceedings, such as litigation assistants, paralegals, and secretarial and other clerical personnel, so long as such Expert has signed the "Acknowledgment and Agreement to Be Bound by Stipulated Protective Order"  (Exhibit A);

(d)     the Court, including associated personnel necessary to assist the Court in its functions, and the jury;

(e)     litigation support services, including outside copying services, court reporters, stenographers, videographers, or companies engaged in the business of supporting computerized or electronic litigation discovery or trial preparation, retained by a Party or

its counsel for the purpose of assisting that Party in these proceedings;

(f)     other professional vendors to whom disclosure is reasonably necessary for this litigation;

(g)     any actual or potential witness in the action who has signed the "Acknowledgment and Agreement to Be Bound by Stipulated Protective Order" (Exhibit A), provided that counsel believes, in good faith, that such disclosure is reasonably necessary for the prosecution or defense of these proceedings.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted herein;

(h)     the author of the document or the original source of the information;

(i)     counsel for issuers of insurance policies under which any issuer may be liable to satisfy part or all of a judgment that may be entered in these proceedings or to indemnify or reimburse payments or costs

associated with these proceedings and who has signed the "Acknowledgment and Agreement to Be Bound by Stipulated Protective Order" (Exhibit A);

(j) any mediator or arbitrator appointed by the Court or selected by mutual agreement of the parties and the mediator or arbitrator's secretarial and clerical personnel, provided that a company representative for the mediator or arbitrator has signed the "Acknowledgment and Agreement to Be Bound by Stipulated Protective Order" (Exhibit A); and

(k) any other person as to whom the Producing Party has consented to disclosure in advance and in writing, on notice to each Party hereto.

7.2.2. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a) Plaintiff

(b) The Receiving Party's Outside Counsel in this action, including associated personnel reasonably necessary

to assist Outside Counsel in these proceedings, and who have signed the "Acknowledgement and Agreement to Be Bound by Stipulated Protective Order" (Exhibit A);

(c)    Experts (as defined in this Order) of the Receiving Party, including associated personnel reasonably necessary to assist Experts in these proceedings, and who have signed the "Acknowledgment and Agreement to Be Bound by Stipulated Protective Order" (Exhibit A);

(d)    the Court, including associated personnel necessary to assist the Court in its functions, and the jury;

(e)    court reporters, their staffs, and other professional vendors to whom disclosure is reasonably necessary for this litigation and for whom a company representative has signed the "Acknowledgment and Agreement to Be Bound by Stipulated Protective Order" (Exhibit A);

(f)    the author of the document or the original source of the information; and

(g)     any other person as to whom the Producing Party has consented to disclosure in advance and in writing, on notice to each Party hereto.

## 8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY," the Receiving Party must so notify the Designating Party, in writing (by e-mail or fax, if possible) within three (3) court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

## 9.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or

persons to execute the "Acknowledgment and Agreement to Be Bound by

Stipulated Protective Order" that is attached hereto as Exhibit A.

**10.    FILING PROTECTED MATERIAL OR USING PROTECTED MATERIAL AT A HEARING OR TRIAL**

10.1    <u>Basic Principles</u>.

Without written permission from the Designating Party or a court

order secured after appropriate notice to all interested persons, a Party may

not file in the public record in this action any Protected Material in support of

discovery-related motions.  A Party must seek to file any Protected Material

used in support of a discovery-related motion or a dispositive motion under

seal.  In seeking to file Protected Material under seal, a Party must comply

with applicable law and the procedure outlined in subparagraph 10.2.  The

fact that Discovery Material has been designated as "CONFIDENTIAL" or

"CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall not be admissible as

evidence that the Material in fact contains Confidential Information entitled

to protection from disclosure under the law.

10.2    <u>Procedure for Filing Protected Material Under Seal</u>.

Before filing any information that has been designated

"CONFIDENTIAL INFORMATION" with the Court, or any pleadings,

motions or other papers that disclose any such information, counsel shall

confer with counsel for the party that produced the information so designated

about how it should be filed. If the party that produced the information so designated desires that the materials be filed under seal, then the filing party shall file the materials in accordance with Local Civil Rule 79.2, EDNC, with notice served upon the producing party. The filing of the materials under seal shall not be binding on the Court, however.

Within 10 days of service of such notice, the party desiring that the materials be maintained under seal shall file with the Court a Motion to Seal and supporting memorandum of law specifying the interests which would be served by restricting public access to the information. The party that initially filed the materials need not file any such Motion to Seal or otherwise defend another party's desire that the materials remain sealed.

The Court will grant the Motion to Seal only after providing adequate notice to the public and opportunity for interested parties to object, after carefully weighing the interests advanced by the movant and those interests favoring public access to judicial documents and records, and upon finding that the interests advanced by the movant override any common law or constitutional right of public access which may attach to the information.

Documents submitted under seal in accordance with this paragraph will remain under seal pending the Court's ruling. If the party desiring that the information be maintained under seal does not timely file a Motion to

Seal, then the materials will be deemed unsealed, without need for order of the Court.

  10.3 <u>Procedure for Sealing Protected Material Introduced During a Hearing, Trial, or Other Court Proceeding</u>.

  To the extent that any Party would seek to seal or otherwise restrict access to an exhibit or other document introduced during a hearing, trial, or other court proceedings, the Party must make a separate motion in that regard for consideration by the court conducting the proceedings, supported by sufficient justification therefor.  Likewise, to the extent any Party would seek to seal any portion of a transcript of a court proceeding, the party must file a separate motion to seal for consideration by the court that conducted such proceeding.

  10.4 <u>Procedure for Sealing Protected Material Before Any Other Court, Including Appeal</u>.

  To the extent the Parties may later proceed before any other court, including in any appeals in the present case, the Parties must follow the rules of that court with respect to any issues of sealing or restricting access to documents.

## 11. FINAL DISPOSITION

  The terms of this Protective Order shall survive and remain in full force and effect after the termination of this litigation. Within sixty (60) days after final conclusion of all aspects of this litigation, including any

appeal by any party, all Protected Material and all copies of the same (other than those filed with the Court) shall be returned to the Designating Party or, at the option of the Designating Party, destroyed; provided, however, that counsel for the parties shall be entitled to retain documents to the extent reasonably necessary to preserve a file on this litigation for purposes of compliance with applicable state bar rules of professional conduct and counsel's malpractice carrier requirements . Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION), above.

12. **MISCELLANEOUS**

12.1 <u>Right to Party's Own Documents</u>.

Nothing herein shall affect or restrict the rights of any party with respect to its own documents or to the information obtained or developed independently of documents, transcripts and materials afforded confidential treatment pursuant to this Order.

12.2 <u>Right to Further Relief</u>.

Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.3 <u>Right to Assert Other Objections</u>.

By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

SO ORDERED, this 14th day of May 2018.

KIMBERLY A. SWANK
United States Magistrate Judge

CONSENTED TO:


**/s/ Suzanne Begnoche**
SUZANNE BEGNOCHE
Suzanne Begnoche, Attorney at Law
NCSB # 35158
P.O. Box 2035
Chapel Hill, NC  27515
Telephone: (919) 960-6108
Fax: (919) 500-5289
suzanne.begnoche@begnochelaw.com
*Attorney for Plaintiff*

**/s/ Robert C. deRosset**
Robert C. deRosset
N.C. Bar No. 27656
Young Moore & Henderson, P.A.
3101 Glenwood Avenue, Suite 200
P.O. Box 31627
Raleigh, NC 27622
(919) 782-6860
(919) 782-6753 Fax
bob.derosset@youngmoorelaw.com
*Attorney for Defendant*

**EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NORTH CAROLINA**
**C.A. No. 5:18-cv-00014-D**

| | | |
|---|---|---|
| **RONALD TOLAND, JR.,** | ) | **ACKNOWLEDGMENT AND** |
| **Plaintiff,** | ) | **AGREEMENT TO BE** |
| | ) | **BOUND BY CONSENT** |
| **vs.** | ) | **MOTION FOR ENTRY OF** |
| | ) | **PROTECTIVE ORDER AND** |
| **TRANS UNION LLC,** | ) | **PROSPECTIVE SEALING** |
| | ) | **ORDER** |
| **Defendant.** | ) | |
| _____ | ) | |

I acknowledge that I have read and understand the Stipulated Protective Order entered in this action on _____, 20___, and agree to abide by its terms and conditions. Because it is necessary for me in the performance of my duties to have access to Confidential Matter and information contained therein that are the subject of said Stipulated Protective Order, I understand and agree that I am personally bound by and subject to all of the terms and provisions of said Order. I subject myself to the jurisdiction and venue of the United States District Court for the Eastern District of North Carolina for purposes of enforcement of this Agreement and Order.

Witness my signature this _____ day of _____, 20____.

_____
Signature

Address:_____

Telephone:_____